NOT DESIGNATED FOR PUBLICATION

No. 114,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In The Matter of the Equalization Appeal of KRUEGER, KAREN, for the Year 2014 in Woodson County, Kansas.

MEMORANDUM OPINION

Appeal from the Board of Tax Appeals. Opinion filed May 20, 2016. Affirmed.

*Karen J. Krueger*, appellant pro se.

*Susan L. Mauch*, of Cosgrove, Webb & Oman, of Topeka, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*:  The appraiser in Woodson County, Kansas, valued Karen Krueger's home at $66,500 for the 2014 tax year. Krueger objected to the appraisal, but a small claims hearing officer and then the Board of Tax Appeals (BOTA) upheld the County's valuation. Krueger petitioned this court for review. For the reasons stated herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

This appeal constitutes Krueger's eighth and likely final challenge to the appraised value of a home in Yates Center, Kansas. While other opinions from this court discuss this home in detail, the relevant facts are these:  in 1991, Krueger bought the home from her father and brother. *In re Equalization Appeal of Krueger*, No. 108,452, 2013 WL 4046463, at *1 (Kan. App. 2013) (unpublished opinion) (*Krueger IV), rev. denied* 299

1

Kan. 1269 (2014). A short time later, she began a long-term renovation and restoration project that lasted almost 2 decades. As she renovated the home, the County increased the house's valuation for tax purposes. Krueger challenged many of the County's appraisals, appealing to what is now BOTA and often to this court. See *Krueger v. Board of Woodson County Comm'rs*, 31 Kan. App. 2d 698, 71 P.3d 1167 (2003) (*Krueger I*), *aff'd* 277 Kan. 486, 85 P.3d 686 (2004); *In re Equalization Appeal of Krueger*, No. 113,038, 2015 WL 7434715 (Kan. App. 2015) (unpublished opinion) (*Krueger VII*), *petition for rev. filed* December 14, 2015; *In re Equalization Appeal of Krueger*, No. 111,216, 2014 WL 4627619 (Kan. App. 2014) (unpublished opinion) (*Krueger VI*), *rev. denied* 302 Kan. ___ (2015); *In re Equalization Appeal of Krueger*, No. 109,829, 2014 WL 1096904 (Kan. App. 2014) (unpublished opinion) (*Krueger V*), *rev. denied* 301 Kan. ___ (2015); *Krueger IV*, 2013 WL 4046463; *In re Equalization Appeal of Krueger*, No. 105,775, 2012 WL 3822600 (Kan. App. 2012) (unpublished opinion) (*Krueger III*), *rev. denied* 297 Kan. 1245 (2013); *Krueger v. Board of Woodson County Comm'rs*, No. 93,361, 2005 WL 2495864 (Kan. App. 2005) (unpublished opinion) (*Krueger II*), *rev. denied* 280 Kan. 983 (2006). Many of these appeals have concerned certain ratings assigned by the County, which Krueger has frequently characterized as too high. See *Krueger VII*, 2015 WL 7434715, at *4; *Krueger VI*, 2014 WL 4627619, at *2-5; *Krueger V*, 2014 WL 1096904, at *1; *Krueger IV*, 2013 WL 4046463, at *6-8.

In 2014, the County again appraised Krueger's home, this time valuing it at $66,500. As in previous years, Krueger objected, arguing that the home's ratings for "condition/desirability/utility" (CDU) and physical condition were inaccurate. The small claims hearing officer handling the case upheld the County's valuation, finding that the renovations and additions to the house supported the disputed ratings.

Still convinced that the County misrepresented the value of her home, Krueger appealed to BOTA. At the hearing, Robert Kent, a field staff supervisor for the Kansas Department of Revenue (KDOR), testified about the appraisal. Kent indicated that under

2

both the cost approach and comparable sales approach methods of valuation, the home in question was valued at just over $80,000. Under the previous values approach, however, the property was worth $66,500. Kent confirmed physically inspecting both Krueger's property and the comparables, testifying that, based on his review of the homes and records, the $66,500 figure constituted the property's fair market value. Later, Kent clarified that the appraisal method selected by the County—namely, the previous values approach—did not rely on the CDU and other ratings to reach the final fair market value. Instead, it relied on a past value set by BOTA.

Krueger engaged Kent in extensive cross-examination about the comparable properties. Kent acknowledged that while some of the comparables had been renovated, he lacked details about the full nature and extent of their remodeling. She also asked Kent a number of questions concerning the different valuation methods used by the County. In terms of the ratings, Kent testified that he did not personally assign the CDU for the subject property, and he struggled to explain why exactly the property had earned a rating of good. However, he testified that some factors that supported the rating included the condition of the roof, the renovations in general, and the new windows. He also noted that the ratings constituted a discretionary "[a]ppraisal judgment," and he believed them to be accurate.

At the close of testimony, Krueger essentially argued that the County overvalued her property when compared to others in Yates Center, placing more weight on her renovations than those in the comparable homes. Because she believed the ratings to be inaccurate, she requested that BOTA order the County to recalculate the value using different, lower ratings. The County, on the other hand, argued that Krueger failed to demonstrate any inaccuracy with the ratings—ratings that, because of the valuation method selected by the County, never affected the appraisal value in the first place.

3

Krueger also submitted 15 exhibits into evidence, including photographs, property records, real estate listings, an affidavit from the former owner of one of the comparable properties, and a letter from her real estate agent.

In a written decision, BOTA affirmed the County's valuation of $66,500. Specifically, BOTA noted that Krueger "did not present evidence to support any particular value for the subject property." BOTA also denied Krueger's request that the County recalculate the home's ratings. In its full opinion, BOTA found that Krueger failed to show the "property's ratings should actually be changed," reducing her demand for a recalculation based on lower values to a "request[] that the County provide documents not in existence." Based on the extensive renovations to the home, BOTA determined that the ratings and value set by the County were appropriate.

Undeterred by this result, Krueger moved for reconsideration, again arguing that the County inflated both the value of the home and also the CDU, physical grade, and construction grade ratings. BOTA denied the motion, and Krueger petitioned this court for review. In July 2015, as this appeal was pending, Krueger sold the home for $60,000.

ANALYSIS

Although Krueger separates her arguments concerning the County's appraisal into two discrete issues, the overarching challenge is really the same: whether the County's valuation is supported by substantial evidence. Krueger argues on appeal that the County's appraisal is unsupported by the evidence and that she is entitled to a valuation based on "appropriate ratings," as she still believes that the County inflated the CDU and other ratings.

Judicial review of BOTA rulings is governed by the Kansas Judicial Review Act. K.S.A. 2014 Supp. 77-621; *In re Equalization Appeal of Prieb Properties*, 47 Kan. App.

4

2d 122, 125, 275 P.3d 56 (2012). As applied to the instant case, this court must grant relief if it determines that BOTA's "action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole"; if BOTA improperly interpreted or applied the law; or if BOTA otherwise acted in an unreasonable, arbitrary, or capricious manner. K.S.A. 2014 Supp. 77-621(c)(4), (7), (8). On appeal, the burden of proving the action's invalidity is on the party asserting the invalidity. K.S.A. 2014 Supp. 77-621(a)(1).

When reviewing evidence in the light of the record as a whole, this court is not to reweigh evidence or engage in unlimited review. K.S.A. 2014 Supp. 77-621(d). Instead, this court must review evidence both supporting and detracting from the agency's findings, examine any credibility determinations made by the presiding officer who personally observed the witnesses, and review the agency's explanation as to why the record supports its findings. K.S.A. 2014 Supp. 77-621(d); *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). To uphold a decision, the evidence supporting it must be substantial, meaning that a reasonable person could accept it as being sufficient to support a conclusion. *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1114, 269 P.3d 879 (2012). Additionally, finding a lack of substantial evidence requires that the decision be "so wide of the mark as to be outside the realm of fair debate." *Prieb Properties*, 47 Kan. App. 2d at 137.

Notably, Krueger has objected to her CDU and construction grade ratings in several appeals. This time, however, she adds a new twist, arguing without support that the only way to ensure a fair appraisal system is to allow BOTA to order new ratings at the taxpayer's request regardless of whether the taxpayer proves the ratings are inaccurate. According to Krueger, allowing the County to establish ratings without this check provides appraisers with unlimited discretion.

5

But Krueger fails to recognize that these ratings exist within an overall valuation scheme that requires the County to consistently back up appraisal values with evidence. As K.S.A. 2014 Supp. 79-1448 explains, whenever a taxpayer appeals from a county's appraisal, "it shall be the duty of the county appraiser[] . . . to initiate production of evidence to substantiate the valuation of such property," including allowing the taxpayer to view information about the comparable properties. Similarly, the County carries the burden to "initiate the production of evidence to demonstrate, by a preponderance of the evidence, the validity and correctness" of its valuation during an appeal to BOTA. K.S.A. 2014 Supp. 79-1609. And in such an appeal, "[n]o presumption shall exist in favor of the county." K.S.A. 2014 Supp. 79-1606(d). But all that said, nothing in these statutes suggest that the taxpayer may demand a change in the ratings or valuation without providing any supporting evidence. Instead, each statute implies that while the County must support its valuation, that valuation can be overcome by other evidence.

Here, Krueger provided very little evidence suggesting the ratings assigned to the subject property are inaccurate. While her exhibits demonstrated that at least some of the comparable homes were renovated, they fail to distinguish between those renovations and Krueger's own or to establish that Krueger's renovations are of a lesser quality than the ratings would suggest. And although Kent struggled to differentiate the subject property's ratings from those of the comparables, he pointed to several factors that justified the CDU rating at issue. Even more tellingly, Kent plainly testified that the valuation method selected by the County relied on past appraisal values, not on the property's ratings.

In the end, this argument really boils down to Krueger's latest attempt to challenge the same ratings that this court has repeatedly upheld on appeal. See *Krueger VII*, 2015 WL 7434715, at *4; *Krueger VI*, 2014 WL 4627619, at *1-5; *Krueger IV*, 2013 WL 4046463, at *1; *Krueger III*, 2012 WL 3822600, at *1-2. And while this court once observed that "some of the evidence presented by Krueger tended to contradict BOTA's finding" regarding the ratings, it still upheld BOTA's determination in that case and

several others. *Krueger IV*, 2013 WL 4046463, at \*8. Krueger provides no new evidence sufficient to compel a different result this year.

As for the overall value of her home, substantial evidence in the light of the record as a whole supports the County's determination. Kent clearly explained how the County arrived at the $66,500 figure. He outlined the three valuation methods available, including the previous value approach that led to the final fair market value. He also noted that several factors, including the condition of the home, the renovations, and the new windows, justified the existing ratings. Overall, Kent testified that he believed the ratings and the value to be accurate.

Krueger, on the other hand, called no witnesses and presented no testimony concerning the value of her home. Her cross-examination highlighted some of the deficiencies in Kent's knowledge about the comparables but failed to distinguish her home from the others in such a way as to justify a change in value. And as in previous appeals, while some of Krueger's exhibits suggest that the comparable homes are of a different quality than her own, nothing suggests that they are so impossibly different as to render the overall value incorrect. Moreover, because Krueger failed to contextualize her exhibits, it remains unclear even on appeal what they purport to establish. For example, the affidavit detailing renovations to one of the comparable homes provides no information on the quality of the construction or how those renovations compare to the subject property. Similarly, the exhibits containing another home's real estate listings concern a home not included among the comparable properties. And other than requesting a recalculated appraisal based on new ratings, Krueger never actually proposed a value for her home, although on appeal she suggests that the prior appraisals of $56,900 would be "in the ballpark."

In short, and as BOTA observed in its decision, Krueger failed to present evidence to support either a different value for property or a change in the ratings. Although

7

certainly not overwhelming, a reasonable person could find that the evidence presented by the County was sufficient to support BOTA's conclusion. BOTA's decision is certainly not "outside the realm of fair debate." *Prieb Properties*, 47 Kan. App. 2d at 137.

As a final note, Krueger notes in her appellate brief that when she appealed her home's valuation for the 2015 tax year, KDOR's small claims hearing division reduced the valuation to the home's $60,000 sale price. Krueger appears to consider this change further proof that the County artificially inflated the property's ratings and value. But as the record shows, the hearing officer decided this issue after BOTA's final decision in this case, meaning that Krueger never presented this argument to BOTA. As this court often reiterates, arguments not raised below cannot be considered for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). BOTA's decision regarding the value of Krueger's property for tax year 2014 is affirmed.

Affirmed.